NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA DURKIN, both individually, and as Administratrix of the Estate and Administratrix Ad Prosequendum of the Estate of WILLIAM R. GANGELL, JR., Deceased, | : : : : : : : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : : | Civil Action No. 10-2013 |
| v. | : : | |
| WABASH NATIONAL, | : : | **MEMORANDUM ORDER** |
| Defendant. | : | |

This matter is before the Court by way of Defendant's unopposed Motion for Leave to File Documents under Seal [Dkt. 160], which is related to Defendants' Motion for Summary Judgment [Dkt. 149]. For the reasons discussed herein, the Court will **grant** Defendants' Motion for Leave to File Documents under Seal.

Defendants' Motion is governed by the requirements set forth in Local Civil Rule 5.3, which begins with the presumption that "all materials and judicial proceedings are matter of public record and shall not be sealed." L. Civ. R. 5.3(a)(4). To override this presumption of public access, the moving party bears the burden of showing that "good cause" exists for the protection of the material. "Good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy v.

1

Borough of Straudsburg, 23 F.3d 772, 786 (1994)).[1]  Accordingly, in any motion to seal or otherwise restrict public access, "the motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2).  Pursuant to Local Rule 5.3(c)(5), any order or opinion on a motion to seal should include a discussion of these factors.

The Court has considered Defendant's request that the Court seal four confidential exhibits that were included with Defendant's Motion for Summary Judgment.  Defendant's Motion arises from Defendant's concern for the confidentiality of the four fleet safety evaluation reports that were produced to Defendants and identified as confidential by non-party R.E. Pierson Construction Company ("Pierson").  Here, Pierson has continually expressed its concern for the confidentiality of these documents, as it initially claimed these reports to be privileged under the self-critical analysis doctrine and moved the Court for protection from Defendant's subpoena of these evaluations.  After employing the balancing test set forth in Payton v. New Jersey

---

[1] In Pansy, the United States Court of Appeals for the Third Circuit recognized several factors that may be considered when evaluating whether good cause exists:

1) whether disclosure will violate any privacy interests;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;
4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.

23 F.3d at 787-91.  The Third Circuit has noted that these factors are "neither mandatory nor exhaustive" and "the analysis should always reflect a balancing of private versus public interests."  Glenmede Trust Co., 56 F.3d at 483 (3d Cir. 1995).

Turnpike Authority, 691 A.2d 321 (N.J. 1997) for such claims under the self-critical analysis doctrine, Magistrate Judge Donio found that the documents were not privileged, as the public policy considerations in this case supported disclosure of the self-critical analysis reports in their entirety.  [Dkt. 119, p.15].  While the documents did not rise to the level of confidentiality to warrant protection from production, here, the Court acknowledges Defendant's legitimate concern for non-party Pierson's interests in maintaining the confidentiality of its self-critical fleet safety evaluations.

Accordingly, for the reasons advanced by Defendant in support of their Motion, and given that the instant motion is limited to the four evaluations identified by Defendant out of concern for the privacy rights of non-party Pierson, and for the reasons discussed above, therefore

IT IS on this 28th day of March 2013, hereby

ORDERED that Defendant's Motion to Seal [Dkt. 160] is **granted**.


s/ Joseph H. Rodriguez  
HON. JOSEPH H. RODRIGUEZ,  
United States District Judge