UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA DURKIN, both individually, and as Administratrix of the Estate and Administratrix Ad Prosequendum of the Estate of WILLIAM R. GANGELL, JR., Deceased, | : : : : : : | Hon. Joseph H. Rodriguez |
| Plaintiffs, v. | : : : | Civil Action No. 10-2013 |
| WABASH NATIONAL, Defendant. | : : : : | **OPINION** |

Presently before the Court is Defendant Wabash National Corporation's (hereinafter "Wabash") objection pursuant to Fed. R. Civ. P. 72 (a) to Magistrate Judge Ann Marie Donio's December 28, 2012 Order regarding reimbursement of expert fees incurred in connection with Plaintiff's deposition of Defendant's experts. For the reasons set forth below, the Court will affirm Magistrate Judge Donio's Order.[1]

## I. BACKGROUND

The underlying issues of the case are not relevant to the present dispute and the Court directs the interested reader to Durkin v. Paccar, Inc., No. 10 CV 2013, 2010 WL 4117110 (D.N.J. Oct. 19, 2010), Durkin v. Wabash Nat., No. 10 CV 2013, 2013 WL 1314744 (D.N.J. Mar. 28, 2013), and Durkin v. Wabash Nat., No. 10 CV 2013, 2013 WL 235612 (D.N.J. May 29, 2013) for background information.

---

[1] For brevity, the Court will refer to the magistrate judge's December 28, 2012 Order as the "Order" and citations to the Order as "Order p. xx". The Order appears on the Court's docket as case number 10-2013, docket number 192.

1

On April 27, 2012, Wabash filed a motion to compel Plaintiff to reimburse the reasonable fees and expenses of Defendant's experts' deposition time, travel time, and preparation time incurred in connection with expert depositions. On December 28, 2012, the magistrate judge issued an Order granting in part and denying in part Defendant's Motion to Compel.

Specifically, the Order granted Defendant's motion for reimbursement for expert fees incurred during the actual deposition. Defendant's request for reimbursement of fees incurred in preparation for the actual deposition was denied. In addition, the request for reimbursement for expert fees and expenses related to deposition travel was denied without prejudice and the parties were directed to meet and confer as to each party's travel expenses and attempt to resolve the issue. Wabash argues that the magistrate judge's decision is contrary to law.

On May 29, 2013, summary judgment in favor of Wabash was entered. (See Dkt. No. 221) The summary judgment order is presently on appeal before the United States Court of Appeals for the Third Circuit.[2] Recently, the United States District Court Clerk issued an Opinion and Order granting in part and denying in part Wabash's Motion for Bill of Costs. (Dkt. Nos. 28, 29). Although Wabash has since moved for reconsideration

---

[2] The present dispute presents an exception to the general rule that the notice of appeal is an event of "jurisdictional significance" which "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir.1985). District Courts, in very limited circumstances, retain the power to act over matters that "raise[] legal issues collateral to the main cause of action .... [.]" White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451 (1982); West v. Keve, 721 F.2d 91, 94 (3d Cir. 1983). Disputes over fees fall within the limited exception and the present matter is of no consequence to the issues currently on appeal. In re Merck & Co. Sec. Litig., 432 F.3d 261, 267-68 (3d Cir. 2005).

of the Clerk's Order, it agrees that the Clerk's Order reduces the amount it seeks in the present appeal to $36,691.81. See Def. Supp. Br., Dkt. No. 231.

## II. Standard of Review

The Federal Magistrate Act permits district courts to "designate a magistrate judge to hear and determine any pretrial matters before the court, including discovery matters." 28 U.S.C. § 636 (b) (1) (A).  Pre-trial matters referred to magistrate judges under subparagraph (A) are generally described as "non-dispositive." Rule 72 (a), Fed. R. Civ. P. advisory committee note; 12 Wright & Miller § 3076.5 (Supp. 1992); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).  Federal Rule of Civil Procedure 72(a) permits the filing of timely objections to a magistrate judge's ruling on a non-dispositive issue.  Pursuant to 28 U.S.C. § 636 (b) (1) (A), on review of the magistrate judge's order, "[t]he district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law." Haines, 975 F.2d at 91; see also Rule 72(a), Fed. R. Civ. P. ("Nondispositive Matters").  As a result, this Court reviews the Order under the "clearly erroneous or contrary to law" standard.  See Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000) (citing 28 U.S.C. § 636(b)(1)(A) (West 1999)); see also Fed. R. Civ. P. 72 (a); L. Civ. R. 72.1(c)(1)(A); Haines, 975 F.2d at 92 ("It is undisputed that the proper standard of review for discovery orders is the 'clearly erroneous or contrary to law' standard.") (citations omitted).

A magistrate judge's decision is clearly erroneous "when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been

committed.'" See Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citing Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). A magistrate judge's decision is contrary to law when he or she has "misinterpreted or misapplied applicable law." Kounelis, 529 F. Supp. 2d at 518 (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). The burden of demonstrating clear error rests with the appealing party. Kounelis, 529 F. Supp. 2d at 518.

"Particular deference is accorded to magistrate judges on discovery issues." Costa v. County of Burlington, 584 F. Supp. 2d 681, 684 n.2 (D.N.J. 2008) (citing Boody v. Twp. Of Cherry Hill, 997 F. Supp. 562, 573 (D.N.J. 1997)). On review of a non-dispositive matter under 28 U.S.C. § 626 (b) (1) (A) "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." Haines, 975 F.2d at 91. Therefore, the Court should not reverse a magistrate judge's ruling even "in circumstances where the [reviewing] court might have decided the matter differently." Bowen v. Parking Auth. of City of Camden, No. 00–5765, 2002 WL 1754493 (D.N.J. July 30, 2002). In this regard, "the magistrate judge is accorded wide discretion." Miller v. Beneficial Mgmt. Corp., 844 F. Supp. 990, 997 (D.N.J. 1993) (citing NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir. 1992)).

### III. ANALYSIS

Unless manifest injustice would result, the Federal Rules require a party seeking discovery to "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26 (b) (4) (E) (i). At issue before the magistrate judge was the whether the phrase "responding to discovery," under Fed. R.

Civ. P. 26 (b) (4) (E), encompassed preparation time for deposition and expenses related to deposition travel. After a review of the relevant case law, the magistrate judge concluded that time spent in preparation for deposition was not compensable under the Federal Rules.

In simple terms, Wabash disagrees with the Order's reliance on Rhee v. Witco Chem. Corp., 126 F.R.D. 45 (N.D. Ill. 1989), in which the district court denied plaintiff's motion for reimbursement for the time plaintiff's expert spent preparing for his deposition by defendant. Underscoring the Witco court's ruling is the tenant that "[o]ne party need not pay for the other's trial preparation." Id. at 47. In the Witco court's view, "an expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation." Id. After evaluating the circumstances of the case, the Witco court ruled "that a deposing party need not compensate the opposing party's expert for time spent 'preparing' for deposition, absent more compelling circumstances than exist here." Id.

Wabash argues that Witco has been rejected in numerous cases and was decided before the 1993 amendments to the Federal Rules of Civil Procedure, thus undermining Witco's persuasiveness. Instead, Wabash contends that the magistrate judge should have followed the "the approach taken by a slim majority of federal courts," as noted in Ndubizu v. Drexel Univ., 07 CV 3068, 2011 WL 6046816 (E.D.Pa. Nov. 16, 2011), that permits "compensation of experts' preparation time." Ndubizu, 2011 WL 6046816 at *2 (citing cases). Under this approach, preparation for deposition "will be compensable when it involves 'time spent in responding to discovery.'" Id. (quoting Fed. R. Civ. P. 26(b)(4)(E)). The Ndubinzu approach takes into account the complexity of the case and

5

the temporal relationship between the filing of the expert report and the deposition. Id.

Here, the Order considered and specifically rejected the court's reasoning in Ndubinzu, 2011 WL 6046816. See Order, p. 10.  Citing Witco for support, the magistrate judge concluded that "requiring a party to reimburse a producing party for preparation time would in actuality compensate the producing party for what might effectively amount to trial preparation." Id.  Based on the overlap between trial and deposition preparation, the magistrate judge was unpersuaded that there was a distinction in this case. "Without a specific showing that the deposition preparation is completely separate and unrelated to trial preparation, the Court finds that reimbursement for deposition preparation is not required under Rule 26 (b) (4) (E)." Id. at 11 (citing Witco, 126 F.R.D. at 45).

This decision is neither clearly erroneous nor contrary to law.  First and foremost, the Third Circuit has yet to speak on this issue. In the absence of controlling Third Circuit precedent, there can be no error in examining the persuasive authority of other jurisdictions.  See Am. Fire and Cas. Co. v. Material Handling Supply, Inc., 2007 WL 2416434, at *1 (D.N.J. Aug. 16, 2007) (holding same).  Here, the magistrate judge did just that; she reviewed the cases cited by Wabash and ultimately accepted persuasive authority from the Northern District of Illinois. Witco remains persuasive despite the 1993 amendments to the Federal Rules of Civil Procedure.  See S.A. Healy Co. v. Milwaukee Metro, Sewerage Dist., 154 F.R.D.212, 213-14 (E.D. Wis. 1994) ("Because newly amended Rule 26(b)(4)(C), Federal Rules of Civil Procedure, exactly tracks the language of former Rule 26(b)(4)(C), I believe that the rules laid out in Sears and Witco not only correctly determine which party shall bear the expense of deposition

6

preparation time of expert witnesses but also apply under newly amended Rule 26(b)(4)(C), Federal Rules of Civil Procedure.")

Even if this court were to agree with the number of courts that have permitted reimbursement for time an expert spends in preparation for deposition, the Court finds that Magistrate Judge Donio's Order is neither clearly erroneous nor contrary to applicable law. Bowen, No. 00–5765, 2002 WL 1754493. The December 28, 2012 Order of Magistrate Judge Donio is affirmed.

An appropriate Order shall issue.


Dated: September 30, 2013


                                        s/ Joseph H. Rodriguez
                                        Hon. Joseph H. Rodriguez,
                                        UNITED STATES DISTRICT JUDGE

.